United States District Court
Southern District of Texas
FILED

NOV 19 2021

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas

**ENTERED**

November 19, 2021

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 7:21-CR-1772-10** |
| | § | |
| **DAVID GOMEZ** | § | |

## ORDER

Defendant is a United States citizen who is currently detained for trial on drug-trafficking charges. At the September 21st Detention Hearing, on the issue of bond, the Government stated it was concerned that Defendant did not have a stable residence. The Government proffered that Defendant had two crossings into Mexico in the last twelve months—the most recent crossing occurred on January 16, 2021. The Government stated that Count 6 of the indictment involved a seizure of about 513 kilograms of marijuana, and Defendant was the driver of the truck hauling it. The Government also indicated that "it was not necessarily opposed to bond" but wanted to assure that there was place that Pretrial Services could supervise Defendant effectively. At the detention hearing, the undersigned set a $100,000.00 bond, with a $5,000.00 cash deposit, along with a suitable co-surety to be approved by the Court. Finally, the Court stated that it would have to approve of Defendant's residence while out on bond and adopted the conditions of release, Conditions 2 through 13, set out in the Pretrial Report. (Dkt. No. 93 at 4).

Pending before the Court is "Defendant's Opposed Bond Modification." (Dkt. No. 158). Therein, Defendant states that "[t]he condition of land as collateral is not possible with Defendant or his family," and "requests that the condition of land as a requirement be deleted." (*Id.* at 1.). On November 2, 2021, the undersigned Magistrate Judge presided over a hearing on the Motion, at which the Government voiced its opposition to a bond modification. At that

hearing, the Government stated that it was opposed to Defendant's request and reasserted that it was still concerned with Defendant's lack of a stable residence. The Government further stated that it was concerned whether the co-surety had "skin in the game."

## I. LEGAL STANDARD

"The Bail Reform Act generally requires release of a defendant prior to trial unless a judicial officer determines, after a hearing, that 'no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community[.]'" *United States v. Lee*, 451 F. Supp. 3d 1, 4 (D.D.C. 2020) (quoting 18 U.S.C. § 3142(e)(1)).[1] In other words, the defendant may be ordered detained if they pose either a flight risk or a danger to the community and no conditions can mitigate these risks. *United States v. Alejo*, 2018 WL 3715764, at *1 (W.D. Va. Aug. 3, 2018). An order of detention for flight risk must be based on a preponderance of the evidence, or by clear and convincing evidence for dangerousness. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

In making these determinations, the judicial officer must take into account the available information concerning the following factors: the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's history and characteristics; and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

To be considered as part of the defendant's history and characteristics are their character, physical and mental condition, family ties, employment, financial resources, length of residence

---

[1] Because Defendant is charged with a narcotics offense for which a maximum term of imprisonment of 10 years or more is prescribed under 21 U.S.C. §§ 801-904, a rebuttable presumption arises. *See* 18 U.S.C. § 3142(e)(3). However, it appears whether Defendant has rebutted this presumption is not at issue.

in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. *Id.* § 3142(g)(3)(A).

If the judicial officer determines that the defendant can be released on conditions, that officer can require solvent sureties to execute a bail bond, agreeing to forfeit property in such an amount to reasonably assure the appearance of the defendant as required. *Id.* § 3142(c)(1)(B)(xii). However, the judicial officer may not impose a financial condition that results in the pretrial detention of the person. *Id.* § 3142(c)(3). "The judicial officer may **at any time amend** the order to impose additional or different conditions of release." *Id.* § 3142(c)(3) (emphasis added).

## II. ANALYSIS

As set out in the Pretrial Report (Dkt. No. 93 at 1), Defendant is a twenty-two-year-old United States citizen, born in McAllen, Texas. Except for periods of seasonal employment, it appears that he has lived in the local area for most of his life. (*Id.*). While Defendant's mother is a permanent resident alien, Defendant's five siblings are all U.S. citizens and reside in Hidalgo County, Texas. (*Id.*). The underlying record is void of indicating that Defendant has any family residing in Mexico. Defendant has traveled to Mexico twice in the last twelve months—the last time being in January 2021.

Defendant's criminal history indicates only one prior arrest and no convictions. On December 29, 2020, Defendant was arrested for "Possession, Manufacture, or Distribution of Controlled Substance." (*Id.* at 3). Defendant's alleged actions on December 29th is same conduct that is charged in Count 6 in the underlying indictment, dated September 7, 2021. In other words, Defendant was detained on December 29, 2020, was released, and then arrested

about eight months later, on the instant indictment. There is no history of substance abuse or any prior history regarding Defendant's mental health.

Again, it appears that the Government's core concern is "Defendant's lack of a stable residence." The undersigned notes that, from the Pretrial Report, Defendant appears to have been employed as an electrician "at various oil refineries in Lauderdale, Mississippi; Atlanta, Georgia; Lake Charles, Louisiana, and Arizona." (Dkt. No. 93 at 3). Further, Defendant was recently employed at the Tesla Plant in Austin, Texas. (*Id.*) At the time of Defendant's arrest, he had been living at his mother's residence for only two weeks, and they were residing in a recreational vehicle. (*Id.* at 1).

As a result of the Government's and the Court's concerns, the undersigned has requested that the Pretrial Services officer make further inquiries. While Defendant's mother is a permanent resident alien, it is believed that she has had this status for about 38 years. Defendant's mother lives in a recreational vehicle but it has located in the same residential, retirement community for about two years. She has worked at a local junior high school for the last four years. Considering these additional facts, coupled with the factual findings above, the undersigned finds that Defendant's mother is a suitable co-surety. The Court will add the requirement that Defendant's mother also serve as a third-party custodian. All other conditions previous set by the Court are still in effect. As such, before Defendant is released, the Pretrial Services officer will need to conduct a home visit to determine whether Defendant's mother's residence is a suitable place for Defendant to reside while out on bond.

### III. CONCLUSION

For the reasons set out above, the Motion (Dkt. No. 158) is hereby GRANTED.

DONE at McAllen, Texas this 19th day of November 2021.

J. SCOTT HACKER
United States Magistrate Judge